**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF NEW YORK

Case number *(if known)* _____

Chapter you are filing under:

- ☐ Chapter 7
- ■ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | Debtor's name | **Whitney Restaurant Management Ltd.** | |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | **DBA  Cibo Restaurant** | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **13-3823096** | |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **767 2nd Ave New York, NY 10017** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **New York** | Location of principal assets, if different from principal place of business |
| County | |
| | Number, Street, City, State & ZIP Code |

5. **Debtor's website (URL)** _____

6. **Type of debtor**

- ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership
- ☐ Other. Specify: _____

Debtor   **Whitney Restaurant Management Ltd.**   Case number (if known) _____
    Name

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53AB))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80a-3)

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.naics.com/search/.

---

**8. Under which chapter of the Bankruptcy Code is the Debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every three years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operation, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No.

☐ Yes.

| | District | _____ | When | _____ | Case number | _____ |
| | District | _____ | When | _____ | Case number | _____ |

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☒ No

☐ Yes.

| | Debtor | _____ | | | Relationship to you | _____ |
| | District | _____ | When | _____ | Case number, if known | _____ |

---

Debtor   **Whitney Restaurant Management Ltd.**
Name
Case number (*if known*)

---

**11. Why is the case filed in this district?**

Check all that apply:

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

Contact name _____

Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**   .   Check one:

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

---

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☑ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☑ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

Debtor   **Whitney Restaurant Management Ltd.**     Case number (if known) _____
Name

---

**Request for Relief, Declaration, and Signature**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   December 23, 2015
              MM / DD / YYYY

X _____          Raymond Gilmore
Signature of authorized representative of debtor       Printed name

Title   **President**

---

**18. Signature of attorney**

X _____          Date   December 23, 2015
Signature of attorney for debtor                  MM / DD / YYYY

**Kevin J. Nash**
Printed name

**Goldberg Weprin Finkel Goldstein LLP**
Firm name

**1501 Broadway 22nd Floor**
**New York, NY 10036**
Number, Street, City, State & ZIP Code

Contact phone   **(212) 221-5700**    Email address   **knash@gwfglaw.com**

KJN- 6274
Bar number and State

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:                                                    Chapter 11

Whitney Restaurant Management Ltd.                        Case No.
d/b/a Cibo Restaurant

                              Debtor.
----------------------------------------------------------------x

## DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULES

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

      RAYMOND GILMORE declares the following pursuant to 28 U.S.C. § 1746:

      1.     I am the president of Whitney Restaurant Management Ltd. (the "Debtor"). I submit this Declaration in accordance with Local Bankruptcy Rules in support of the Debtor's filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

      2.     The Debtor is a New York corporation and a tenant under a certain lease dated May 15, 1995, as amended and modified (the "Lease"), with SLG 220 News Owner LLC, as landlord (the "Landlord"). The Debtor operates a successful restaurant (the "Restaurant") at 767 Second Avenue, New York, New York (the "Premises"), known as "CIBO".

      3.     The Debtor's current rent is approximately $40,000 per month inclusive of a current base rent of approximately $30,000 per month, plus additional rents of approximately $10,000 per month for taxes, air conditioning and electric.

      4.     The Debtor has been in business for 20 years, and faces a crisis of significant proportions.

      5.     As of December 31, 2015, the Lease technically expires in accordance with its last renewal term. Over the last several months, however, the Debtor has pursued a

further extension of the Lease with the Landlord. Based on a series of communications with the Landlord and its agents, the Debtor understood and anticipated it would be eligible for an extension at a competitive market rate, if the Debtor came current with certain rent arrears.

6.     The arrears arose because of unusually slow Spring and Summer seasons, and disputes over electric charges. The Debtor is entitled to a credit of $58,000 for electric and the Landlord recently drew down on the existing security deposits of $140,000 to reduce the arrears to approximately $50,000.

7.     The Debtor's busiest season is towards the end of the year, and the Debtor has been gearing up to be in a position to cure the balance of arrears so as to qualify for an extension. In recent weeks, however, the Landlord has turned a deaf ear to the prior discussions, and appears intent on forcing the current expiration date of the Lease. To this end, the Debtor recently converted a pending non-payment rent proceeding into a holdover petition in the Civil Court.

8.     The Landlord's actions have left the Debtor no choice except to seek Chapter 11 relief to preserve the *status quo*, while the issues regarding a potential extension are sorted out. The Debtor is prepared to pay a competitive monthly rent and cure the arrears in consideration for an extension.

9.     The reality of the matter is that the interior portion of the Premises is not conducive to most operators. More particularly, since the Premises are located in the Daily News Building, and are situated below the floors previously devoted to printing operations, the ceilings are reinforced by 6 ½ feet of concrete originally designed to support the heavy equipment. While the Daily News has moved operations, the structure of the Premises remains the same: the ceilings in the Restaurant are relatively low (7 feet, 10 inches maximum) and cannot be altered. For this reason, the Landlord has been unable to attract a replacement tenant,

2

and we fully cooperated with numerous efforts to show the Premises during the last year. Indeed, more than one hundred potential tenants saw the Premises and passed, which is why I believed the Landlord will ultimately be agreeable to an extension for the Restaurant.

10. The Debtor has become accustomed to the lay-out and invested more than $1 million for improvements and equipment over the years, which will be forfeited without an extension. Additionally, approximately 38 workers stand to lose their jobs if the restaurant closes.

11. The Debtor hopes the Chapter 11 will provide a final opportunity to negotiate an extension with the Landlord, failing which the Debtor will pursue litigation over false assurances or potentially proceed with an orderly wind down of the restaurant.

12. The Debtor generates annual revenues of approximately $1.8 – $2.0 million. Indeed, the Debtor enjoys an active dinner and lunch trade, plus provides many corporate functions and parties.

13. The restaurant is also subject to an ongoing audit with the New York State Sales Tax Bureau, relating to whether rental fees for parties are subject to sales tax. The Debtor anticipates that this issue will also be clarified in the Chapter 11 as well. The Debtor has an informal agreement with Sales Tax Bureau to pay $5,000 per month on account of certain taxes.

14. The Debtor anticipates generating revenues of approximately $180,000 over the next thirty (30) day period. This level of income is sufficient to pay all outstanding expenses.

15. A full set of schedules of the Debtor's assets and liabilities is being filed with the petition.

3

16.     The Debtor maintains a weekly payroll of approximately $15,000 per week. I am eligible for a salary of $1,000 per week although the payment of my salary has been inconsistent since 2014. On certain occasions, I have forsaken salary in an effort to assist with the restaurant's cash flow. In 2015, I received approximately $52,000 in repayment of certain loans in lieu of salary.

Dated: New York, New York
      December 23, 2015

                                           Raymond Gilmore

x:\gwfg\new data\yen\word\cibo restaurant - gilra.35916\local rule affidavit 12-23-15 v5.doc

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:                                                Chapter 11

Whitney Restaurant Management Ltd.                     Case No.
d/b/a Cibo Restaurant

                                    Debtor.

-------------------------------------------------------------x

## CORPORATE RESOLUTION

At a special meeting of the officers and directors of Whitney Restaurant

Management Ltd., d/b/a Cibo Restaurant, (the "Company") held on December 21, 2015 and after

motion duly made, seconded and unanimously carried, it was:

**RESOLVED**, that Ray Gilmore, as President of the Company, is authorized to execute a bankruptcy petition under Chapter 11 of the United States Bankruptcy Code and to cause the filing thereof on behalf of the Company; and it is further

**RESOLVED**, that the Company is authorized to retain the law firm of GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP, as bankruptcy counsel for the purposes of prosecuting the Chapter 11 case.

Dated: New York, New York
       December 23, 2015

                          WHITNEY RESTAURANT MANAGEMENT LTD.
                          d/b/a CIBO RESTAURANT

                    By:   _____
                          Name: Ray Gilmore
                          Title:   President

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:                                              Chapter 11

Whitney Restaurant Management Ltd.                  Case No.
d/b/a Cibo Restaurant

                        Debtor.

-------------------------------------------------------------x

## SCHEDULE OF EXECUTORY CONTRACTS

    1.     Commercial Lease dated May 15, 1995, as amended at modified with SLG 220 News Owner as landlord relating to 220 East 42nd Street, New York, New York

    2.     Equipment Lease (Dishwasher) with EcoLab

    3.     Equipment Lease (Ice Machines) with IceSurance

Dated: New York, New York
       December 23, 2015

                    WHITNEY RESTAURANT MANAGEMENT LTD.
                    d/b/a CIBO RESTAURANT

           By:    _____
                  Name:  Raymond Gilmore
                  Title:  President

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:                                          Chapter 11

Whitney Restaurant Management Ltd.              Case No.
d/b/a Cibo Restaurant

                          Debtor.

---------------------------------------------------------------x

## EQUITY INTEREST HOLDERS

| | |
|---|---|
| Raymond Gilmore<br>65 Deacon Abbot Road<br>Redding, CT 06896 | 35% |
| Jay Farrar<br>PO Box 547939<br>Orlando, FL 32854-7939 | 15% |
| Linda Grunert<br>179 Harbor Lane<br>Massapequa Park, NY 11762 | 10% |
| Evan Sheinberg<br>101 W. 79th Street<br>New York, NY 10024 | 10% |
| Estate of John Henry Kurtz<br>250 E. 87th Street<br>New York, NY 10003 | 10% |
| Doreen Plumitallo<br>67 Sandpiper Drive<br>Manalapan, NJ 07726 | 5% |
| Estate of Brad Cohen<br>35 Fairview Road<br>Farmingdale, NY 10003 | 5% |
| Phil DeSantis<br>303 West Weed Street<br>New Canaan, CT 06840 | 5% |

David Dixon                    5%
1725 York Avenue
New York, NY 10028


Dated: New York, New York
       December 23, 2015

                              WHITNEY RESTAURANT MANAGEMENT LTD.
                              d/b/a CIBO RESTAURANT

                       By:    _____

                              Name:  Raymond Gilmore
                              Title:    President

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:                                              Chapter 11

Whitney Restaurant Management Ltd.                  Case No.
d/b/a Cibo Restaurant

                              Debtor.

---------------------------------------------------------------x

## SCHEDULE OF LAWSUITS

1.   SLG 220 News Owner LLC v. Whitney Restaurant Management Ltd.
     Civil Court, New York County
     Index No.  69217/2015
     Landlord/Tenant Action

     Attorney for Landlord:
     Stempel Bennett Claman & Hochberg, P.C.
     Attn: Joelle B. Taub, Esq.
     675 Third Avenue
     New York, NY 10017

Dated: New York, New York
       December 23, 2015

                    By:     _____
                            Name: Raymond Gilmore
                            Title:  President

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                          Chapter 11

Whitney Restaurant Management Ltd.              Case No.
d/b/a Cibo Restaurant

                              Debtor.
-------------------------------------------------------------x

## RULE 7.1 CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1, Whitney Restaurant Management Ltd.

d/b/a Cibo Restaurant certifies that it is a private non-governmental party, and has no corporate

parent, affiliates and/or subsidiaries which are publicly held.

Dated: New York, New York
       December 23, 2015

                              WHITNEY RESTAURANT MANAGEMENT LTD.
                              CIBO RESTAURANT

                         By: _____
                              Name:   Raymond Gilmore
                              Title:   President

Fill in this information to identify the case:

Debtor name   Whitney Restaurant Management Ltd.

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF NEW YORK

Case number (if known): _____

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| H. B. Day Company 33 Cambridge St Rockville Centre, NY 11570-1902 | | Trade debt | Disputed | | | $13,824.51 |
| IceSurance 500 Fenimore Rd Mamaroneck, NY 10543-2313 | | Trade debt | Unliquidated | | | $3,600.00 |
| Major Wholesale Florist 41 W 28th St New York, NY 10001-4238 | | Trade debt | Disputed | | | $2,415.00 |
| New York State Department of Taxation Bankruptcy/Special Procedure PO Box 5300 Albany, NY 12205-0300 | | Tax | Unliquidated Disputed | | | $515,269.00 |
| Paul's Meat Company 927 Park Ln Valley Stream, NY 11581-2739 | | Trade debt | | | | $17,500.00 |
| Pisacane Midtown Corp. PO Box 276 Valley Stream, NY 11582-0276 | | Trade debt | | | | $2,975.71 |
| Ridge Produce PO Box 740454 Bronx, NY 10474-0008 | | Trade debt | | | | $4,000.00 |

Debtor   __Whitney Restaurant Management Ltd.__                    Case number *(if known)*   _____
                      Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Sign World, Inc.<br>1194 Utica Ave<br>Brooklyn, NY<br>11203-5910 | | Trade debt | | | | $900.00 |
| SLG 220 News Owner Ltd.<br>c/o SL Green Management LLC<br>420 Lexington Ave<br>New York, NY<br>10170-0002 | | Rent | Disputed Subject to Setoff | | | $50,000.00 |
| The Bag Lady<br>PO Box 5008<br>South Hackensack, NJ 07606-4208 | | Trade debt | | | | $3,000.00 |
| White Plains Linen<br>4 John Walsh Blvd<br>Peekskill, NY<br>10566-5323 | | Trade debt | | | | $3,100.00 |

**Fill in this information to identify the case:**

Debtor name   **Whitney Restaurant Management Ltd.**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF NEW YORK

Case number (if known)   _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☒    *Schedule A/B: Assets--Real and Personal Property* (Official Form 206A/B)

☒    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☒    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☒    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☒    *Schedule H: Codebtors* (Official Form 206H)

☒    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐    *Amended Schedule* _____

☒    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐    Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **December 23, 2015**        X _Raymond Gilmore_
                                                                   Signature of individual signing on behalf of debtor

**Raymond Gilmore**
Printed name

**President**
Position or relationship to debtor

<table>
<tr><td colspan="2"><b>Fill in this information to identify the case:</b></td></tr>
</table>

Debtor name    Whitney Restaurant Management Ltd.

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)

☐ Check if this is an
amended filing

## Official Form 206A/B
# Schedule A/B: Assets - Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:    Cash and cash equivalents**

1. Does the debtor have any cash or cash equivalents?

☐ No. Go to Part 2.
☒ Yes Fill in the information below.

All cash or cash equivalents owned or controlled by the debtor

Current value of
debtor's interest

3.    Checking, savings, money market, or financial brokerage accounts *(Identify all)*
Name of institution (bank or brokerage firm)    Type of account    Last 4 digits of account number

3.1..  Signature Bank    Two operating accounts    $15,000.00

3.2..  TD Bank    Tax account    $5,000.00

4.    Other cash equivalents *(Identify all)*

5.    Total of Part 1.    $20,000.00
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

**Part 2:    Deposits and Prepayments**

6. Does the debtor have any deposits or prepayments?

☐ No. Go to Part 3.
☒ Yes Fill in the information below.

7.    Deposits, including security deposits and utility deposits
Description, including name of holder of deposit
7.1..  SL Green Management LLC - potential rent security to the extent Landlord has not already used same.    $140,000.00

8.    Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent
Description, including name of holder of prepayment

Software Copyright (c) 1996-2015 CIN Group - www.cincompass.com

Debtor   **Whitney Restaurant Management Ltd.** _____   Case number *(if known)* _____
Name

| | | |
|---|---|---|
| 9. | **Total of Part 2.** | $140,000.00 |
| | Add lines 7 through 8. Copy the total to line 81. | |

**Part 3:   Accounts receivable**

**10. Does the debtor have any accounts receivable?**

☐ No.  Go to Part 4.
☑ Yes Fill in the information below.

11.   **Accounts receivable**

11a. 90 days old or less:   1,500.00   -   0.00   = ....   $1,500.00
       face amount       doubtful or uncollectible accounts

12.   **Total of Part 3.**   $1,500.00
       Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

**Part 4:   Investments**

**13. Does the debtor own any investments?**

☑ No.  Go to Part 5.
☐ Yes Fill in the information below.

**Part 5:   Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☐ No.  Go to Part 6.
☑ Yes Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19.   Raw materials | | | | |
| 20.   Work in progress | | | | |
| 21.   Finished goods, including goods held for resale | | | | |
| 22.   Other inventory or supplies | | | | |
| Food Inventory | | $6,500.00 | | $6,500.00 |
| Liquor Inventory | | $4,100.00 | | $4,100.00 |
| Dishware | | $9,000.00 | | $9,000.00 |
| Glassware & cutlery | | $3,000.00 | | $3,000.00 |
| Décor | | $15,000.00 | | $15,000.00 |
| Point of Sales System | | $5,500.00 | | $5,500.00 |

Software Copyright (c) 1996-2015 CIN Group - www.cincompass.com

Debtor   Whitney Restaurant Management Ltd.                          Case number *(if known)* _____
         Name

23.   **Total of Part 5.**                                                    $43,100.00
      Add lines 19 through 22. Copy the total to line 84.

24.   Is any of the property listed in Part 5 perishable?
      ☐ No
      ■ Yes

25.   Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?
      ■ No
      ☐ Yes. Book value _____  Valuation method _____  Current Value _____

26.   Has any of the property listed in Part 5 been appraised by a professional within the last year?
      ■ No
      ☐ Yes

**Part 6:   Farming and fishing-related assets (other than titled motor vehicles and land)**

27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?

      ■ No. Go to Part 7.
      ☐ Yes Fill in the information below.

**Part 7:   Office furniture, fixtures, and equipment; and collectibles**

38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?

      ☐ No. Go to Part 8.
      ■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. Office furniture<br>Restaurant furniture and equipment | $80,000.00 | | $80,000.00 |

40.   Office fixtures

41.   Office equipment, including all computer equipment and
      communication systems equipment and software

42.   Collectibles *Examples:* Antiques and figurines; paintings, prints, or other artwork; books,
      pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections;
      other collections, memorabilia, or collectibles

43.   **Total of Part 7.**                                                    $80,000.00
      Add lines 39 through 42. Copy the total to line 86.

44.   Is a depreciation schedule available for any of the property listed in Part 7?
      ■ No
      ☐ Yes

45.   Has any of the property listed in Part 7 been appraised by a professional within the last year?
      ■ No
      ☐ Yes

**Part 8:   Machinery, equipment, and vehicles**

46. Does the debtor own or lease any machinery, equipment, or vehicles?

      ■ No. Go to Part 9.
      ☐ Yes Fill in the information below.

Official Form 206A/B          Schedule A/B Assets - Real and Personal Property                    page 3

Debtor   Whitney Restaurant Management Ltd.
         Name                                              Case number (if known) _____

---

## Part 9:   Real property

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.
☑ Yes Fill in the information below.

55.   Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1.   **Commercial Lease** | | $0.00 | To be determined | $0.00 |

56.   Total of Part 9.

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
Copy the total to line 88.

| $0.00 |
|---|

57.   Is a depreciation schedule available for any of the property listed in Part 9?
☑ No
☐ Yes

58.   Has any of the property listed in Part 9 been appraised by a professional within the last year?
☑ No
☐ Yes

## Part 10:   Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.
☐ Yes Fill in the information below.

## Part 11:   All other assets

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
☑ Yes Fill in the information below.

Current value of debtor's interest

71.   **Notes receivable**
Description (include name of obligor)

72.   **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

73.   **Interests in insurance policies or annuities**

74.   **Causes of action against third parties (whether or not a lawsuit has been filed)**

Official Form 206A/B              Schedule A/B Assets - Real and Personal Property              page 4

Software Copyright (c) 1996-2015 CIN Group - www.cincompass.com

Debtor   __Whitney Restaurant Management Ltd.__          Case number *(if known)* _____
              Name

75.   Other contingent and unliquidated claims or causes of action of
      every nature, including counterclaims of the debtor and rights to
      set off claims

76.   Trusts, equitable or future interests in property

77.   Other property of any kind not already listed *Examples:* Season tickets,
      country club membership
      **Rent credit for electric**
      _____                    $58,000.00

      **Litigation rights to seek extension of commercial lease**
      _____                    unknown

78.   Total of Part 11.                                                  | $58,000.00 |
      Add lines 71 through 77. Copy the total to line 90.

79.   Has any of the property listed in Part 11 been appraised by a professional within the last year?
      ■ No
      ☐ Yes

Debtor    **Whitney Restaurant Management Ltd.**
          Name                                                Case number *(if known)* _____

In Part 12 copy all of the totals from the earlier parts of the form

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $20,000.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $140,000.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $1,500.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $43,100.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $80,000.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9*.................................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $58,000.00 | |
| 91. **Total. Add lines 80 through 90 for each column** | $342,600.00 + 91b. | $0.00 |
| 92. **Total of all property on Schedule A/B. Add lines 91a+91b=92** | | $342,600.00 |

Software Copyright (c) 1996-2015 CIN Group - www.cincompass.com

**Fill in this information to identify the case:**

Debtor name    Whitney Restaurant Management Ltd.

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known) _____

☐ Check if this is an
amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☒ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

**Fill in this information to identify the case:**

Debtor name     **Whitney Restaurant Management Ltd.**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    _____

☐ Check if this is an
amended filing

## Official Form 206E/F
# Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2
in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**    List All Creditors with PRIORITY Unsecured Claims

1. Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ☒ Yes. Go to line 2.

2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors
   with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|

**2.1**

| Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $0.00 | $ 0.00 |
|---|---|---|---|
| **Internal Revenue Service Centralized Insolvency Operations PO Box 7346 Philadelphia, PA 19101-7346** | *Check all that apply.*<br>☐ Contingent<br>☒ Unliquidated<br>☒ Disputed | | |
| Date or dates debt was incurred | Basis for the claim:<br>**For notice purposes** | | |
| Last 4 digits of account number | Is the claim subject to offset?<br>☒ No<br>☐ Yes | | |
| Specify Code subsection of PRIORITY unsecured claim:<br>11 U.S.C. § 507(a) (8) | | | |

**2.2**

| Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $515,269.00 | $ 0.00 |
|---|---|---|---|
| **New York State Department of Taxation Bankruptcy/Special Procedure PO Box 5300 Albany, NY 12205-0300** | *Check all that apply.*<br>☐ Contingent<br>☒ Unliquidated<br>☒ Disputed | | |
| Date or dates debt was incurred | Basis for the claim:<br>**Sales Tax Audit** | | |
| Last 4 digits of account number | Is the claim subject to offset?<br>☒ No<br>☐ Yes | | |

Debtor    **Whitney Restaurant Management Ltd.**                          Case number (if known) _____
　　　　　Name

Specify Code subsection of PRIORITY
unsecured claim:
11 U.S.C. § 507(a) (8)

---

**2.3**

| | |
|---|---|
| Priority creditor's name and mailing address | |

**NY City Department of Finance**
**Bankruptcy Unit**
**345 Adams St Fl 3**
**Brooklyn, NY 11201-3719**

As of the petition filing date, the claim is:                               $0.00  $ 0.00
Check all that apply.
☐ Contingent
☒ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**For notice purposes**

Last 4 digits of account number

Is the claim subject to offset?
☒ No
☐ Yes

Specify Code subsection of PRIORITY
unsecured claim:
11 U.S.C. § 507(a) (8)

---

**Part 2:** List All Creditors with NONPRIORITY Unsecured Claims

3.  List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

Amount of claim

---

**3.1**

Nonpriority creditor's name and mailing address
**H. B. Day Company**

**33 Cambridge St**
**Rockville Centre, NY 11570-1902**

As of the petition filing date, the claim is:                               $13,824.51
Check all that apply.
☐ Contingent
☐ Unliquidated
☒ Disputed

Basis for the claim:    **Goods and services**

Date or dates debt was incurred    **2013**

Is the claim subject to offset?
☒ No

Last 4 digits of account number
☐ Yes

---

**3.2**

Nonpriority creditor's name and mailing address
**IceSurance**

**500 Fenimore Rd**
**Mamaroneck, NY 10543-2313**

As of the petition filing date, the claim is:                               $3,600.00
Check all that apply.
☐ Contingent
☒ Unliquidated
☐ Disputed

Basis for the claim:    **Rentals**

Date or dates debt was incurred

Is the claim subject to offset?
☒ No

Last 4 digits of account number
☐ Yes

---

Debtor   **Whitney Restaurant Management Ltd.**                                 Case number (if known) _____
         Name

---

**3.3** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $2,415.00
**Major Wholesale Florist** | *Check all that apply.*
| ☐ Contingent
41 W 28th St | ☐ Unliquidated
New York, NY 10001-4238 | ■ Disputed

Basis for the claim:   **Goods and services**

Date or dates debt was incurred _____ | Is the claim subject to offset?
| ■ No
Last 4 digits of account number _____ | ☐ Yes

---

**3.4** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $17,500.00
**Paul's Meat Company** | *Check all that apply.*
| ☐ Contingent
927 Park Ln | ☐ Unliquidated
Valley Stream, NY 11581-2739 | ☐ Disputed

Basis for the claim:   **Meat supplier**

Date or dates debt was incurred _____ | Is the claim subject to offset?
| ■ No
Last 4 digits of account number _____ | ☐ Yes

---

**3.5** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $2,975.71
**Pisacane Midtown Corp.** | *Check all that apply.*
| ☐ Contingent
PO Box 276 | ☐ Unliquidated
Valley Stream, NY 11582-0276 | ☐ Disputed

Basis for the claim:   **Seafood**

Date or dates debt was incurred _____ | Is the claim subject to offset?
| ■ No
Last 4 digits of account number _____ | ☐ Yes

---

**3.6** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $140,000.00
**Raymond Gilmore** | *Check all that apply.*
| ☐ Contingent
65 Deacon Abbott Rd | ☐ Unliquidated
Redding, CT 06896-2012 | ☐ Disputed

Basis for the claim:   **Deferred compensation and loans**

---

Debtor    **Whitney Restaurant Management Ltd.**
    Name                                                    Case number (if known)

---

Date or dates debt was incurred _____

Last 4 digits of account number _____

Is the claim subject to offset?

☒ No

☐ Yes

---

| 3.7 |

Nonpriority creditor's name and mailing address
**Ridge Produce**

**PO Box 740454**
**Bronx, NY 10474-0008**

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Produce**

**$4,000.00**

Date or dates debt was incurred _____

Last 4 digits of account number _____

Is the claim subject to offset?

☒ No

☐ Yes

---

| 3.8 |

Nonpriority creditor's name and mailing address
**Sign World, Inc.**

**1194 Utica Ave**
**Brooklyn, NY 11203-5910**

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Services**

**$900.00**

Date or dates debt was incurred _____

Last 4 digits of account number _____

Is the claim subject to offset?

☒ No

☐ Yes

---

| 3.9 |

Nonpriority creditor's name and mailing address
**SLG 220 News Owner Ltd.**
**c/o SL Green Management LLC**
**420 Lexington Ave**
**New York, NY 10170-0002**

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☒ Disputed

Basis for the claim:  **Rent and related charges**

**$50,000.00**

Date or dates debt was incurred _____

Last 4 digits of account number _____

Is the claim subject to offset?

☐ No

☒ Yes

---

| 3.10 |

Nonpriority creditor's name and mailing address
**The Bag Lady**

**PO Box 5008**
**South Hackensack, NJ 07606-4208**

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**$3,000.00**

---

Debtor   **Whitney Restaurant Management Ltd.** _____   Case number (if known) _____
Name

Basis for the claim:   Goods _____

Date or dates debt was incurred _____

Is the claim subject to offset?

☑ No

Last 4 digits of account number _____

☐ Yes

---

| 3.11 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $3,100.00 |

**White Plains Linen**

Check all that apply.

☐ Contingent

4 John Walsh Blvd
Peekskill, NY 10566-5323

☐ Unliquidated

☐ Disputed

Basis for the claim:   Services _____

Date or dates debt was incurred _____

Is the claim subject to offset?

☑ No

Last 4 digits of account number _____

☐ Yes

---

## Part 3:   List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1   **Office of Corporation Counsel** 100 Church St New York, NY 10007-2601 | Line   2.3 ☐   Not listed. Explain _____ | _____ |

---

## Part 4:   Total Amounts of the Priority and Nonpriority Unsecured Claims

5. Add the amounts of priority and nonpriority unsecured claims.

| | | Total of claim amounts |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ 515,269.00 |
| 5b. Total claims from Part 2 | 5b. + | $ 241,315.22 |
| 5c. Total of Parts 1 and 2 Lines 5a + 5b = 5c. | 5c. | $ 756,584.22 |

Fill in this information to identify the case:

Debtor name     **Whitney Restaurant Management Ltd.**

United States Bankruptcy Court for the:     SOUTHERN DISTRICT OF NEW YORK

Case number (if known)     _____

☐ Check if this is an
amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.    **Does the debtor have any executory contracts or unexpired leases?**
      ☐ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
      ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal*    *Property* (Official
Form 206A/B).

**2. List all contracts and unexpired leases**

**State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

| | | |
|---|---|---|
| 2.1. | State what the contract or lease is for and the nature of the debtor's interest | **Equipment lease (dishwasher)** |
| | State the term remaining | |
| | List the contract number of any government contract | **Eco Labs** |

| | | |
|---|---|---|
| 2.2. | State what the contract or lease is for and the nature of the debtor's interest | **Equipment lease (Ice machines)** |
| | State the term remaining | |
| | List the contract number of any government contract | **IceSurance** |

| | | |
|---|---|---|
| 2.3. | State what the contract or lease is for and the nature of the debtor's interest | **Commercial lease for restaurant premises** |
| | State the term remaining | Unknown |
| | List the contract number of any government contract | **SLG 220 News Owner** |

Software Copyright (c) 1996-2015 CIN Group - www.cincompass.com

**Fill in this information to identify the case:**

Debtor name **Whitney Restaurant Management Ltd.**

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF NEW YORK**

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

Column 1: Codebtor | Column 2: Creditor

| | Name | Mailing Address | Name | Check all schedules that apply: |
|---|---|---|---|---|
| 2.1 | Raymond Gilmore | 65 Deacon Abbott Rd Redding, CT 06896-2012 | SLG 220 News Owner Ltd. | ☐ D ___ ☑ E/F __3.9__ ☐ G ___ |

Software Copyright (c) 1996-2015 CIN Group - www.cincompass.com

| Fill in this information to identify the case: | |
|---|---|
| Debtor name    **Whitney Restaurant Management Ltd.** | |
| United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK | |
| Case number (if known) _____ | ☐ Check if this is an<br>amended filing |

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

### Part 1:  Summary of Assets

1.  *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

   **1a. Real property:**
   Copy line 88 from *Schedule A/B*...................................................................................................    $                0.00

   **1b. Total personal property:**
   Copy line 91A from *Schedule A/B*...............................................................................................    $        342,600.00

   **1c. Total of all property:**
   Copy line 92 from *Schedule A/B*..................................................................................................    $        342,600.00

### Part 2:  Summary of Liabilities

2.  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D*...................    $                0.00

3.  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 6a of *Schedule E/F*..........................................................    $        515,269.00

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 6b of *Schedule E/F*...............................    +$        241,315.22

4.  **Total liabilities** ...................................................................................................................
   Lines 2 + 3a + 3b                                                                                                    $        756,584.22

**Fill in this information to identify the case:**

Debtor name    **Whitney Restaurant Management Ltd.**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    _____

☐ Check if this is an
amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    12/15

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:    Income**

1.  **Gross revenue from business**

    ☐ None.

    | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
    |---|---|---|
    | **From the beginning of the fiscal year to filing date:**<br>From **1/01/2015** to **Filing Date** | ☑ Operating a business<br>☐ Other _____ | $2,000,000.00 |
    | **For prior year:**<br>From **1/01/2014** to **12/31/2014** | ☑ Operating a business<br>☐ Other _____ | $1,886,442.00 |

2.  **Non-business revenue**
    Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

    ☑ None.

    | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
    |---|---|
    | | |

**Part 2:    List Certain Transfers Made Before Filing for Bankruptcy**

3.  **Certain payments or transfers to creditors within 90 days before filing this case**
    List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,225. (This amount may be adjusted on 4/01/16 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

    ☐ None.

    | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
    |---|---|---|---|
    | 3.1.    **To be compiled** | | unknown | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other **Ordinary course of business** |

Software Copyright (c) 1996-2015 CIN Group - www.cincompass.com

Debtor   **Whitney Restaurant Management Ltd.**                          Case number *(if known)* _____

---

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,225. (This amount may be adjusted on 4/01/16 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1. **Raymond Gilmore**<br>65 Deacon Abbott Rd<br>Redding, CT 06896-2012<br>President | | $50,000.00 | Payments in lieu of salary |

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

### Part 3:   Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1. **SLG 220 News Owner LLC**<br>**v. Whitney Restaurant**<br>**Management, Ltd. d/b/a Cibo**<br>**Restaurant**<br>69217/2015 | Landlord/Tenant | Civil Court of the City of New York | ■ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

### Part 4:   Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

Software Copyright (c) 1996-2015 CIN Group - www.cincompass.com

Debtor    **Whitney Restaurant Management Ltd.**_____   Case number *(if known)* _____

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:**    **Certain Losses**

10. All losses from fire, theft, or other casualty within 1 year before filing this case.

■ None.

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Dates of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. | | |
| | List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | | |

**Part 6:**    **Certain Payments or Transfers**

11. Payments related to bankruptcy
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1.   **Goldberg Weprin Finkel Goldstein LLP**<br>**1501 Broadway 22nd Floor**<br>**New York, NY 10036**_____ | _____ | **December 23, 2015**_____ | **$15,000.00** |
| Email or website address<br>_____ | | | |
| Who made the payment, if not debtor? | | | |

12. Self-settled trusts of which the debtor is a beneficiary
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. Transfers not already listed on this statement
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:**    **Previous Locations**

14. Previous addresses
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

Debtor    Whitney Restaurant Management Ltd.                                          Case number (if known) _____

■ Does not apply

| Address | Dates of occupancy<br>From-To |
|---|---|

## Part 8:    Health Care Bankruptcies

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

## Part 9:    Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

## Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it<br>Address | Description of the contents | Do you still have it? |
|---|---|---|---|

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

Software Copyright (c) 1996-2015 CIN Group - www.cincompass.com

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |

## Part 11:  Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

## Part 12:  Details About Environment Information

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |

## Part 13:  Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
| | | Dates business existed |

Official Form 207          Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy                    page 5

Software Copyright (c) 1996-2015 CIN Group - www.cincompass.com

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
☐ None

| Name and address | Date of service From-To |
|---|---|
| 26a.1.    Jeffrey O. Burstein, CPA<br>52 Lane Gate Rd<br>Cold Spring, NY 10516-3528 | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26b.1.    Jeffrey O. Burstein, CPA<br>52 Lane Gate Rd<br>Cold Spring, NY 10516-3528 | |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.    Jeffrey O. Burstein, CPA<br>52 Lane Gate Rd<br>Cold Spring, NY 10516-3528 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

**Name and address**
26d.1.    **New York State Sales Tax Section**
         **Received certain financial information**

**27. Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| See Chapter 11 petition | | | |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

Software Copyright (c) 1996-2015 CIN Group - www.cincompass.com

Debtor   **Whitney Restaurant Management Ltd.**                    Case number *(if known)* _____

☑ No
☐ Yes. Identify below.

### 30. Payments, distributions, or withdrawals credited or given to insiders
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☑ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 **Raymond Gilmore** 65 Deacon Abbott Rd Redding, CT 06896-2012 | Approximately $50,000 | | In lieu of salary |
| Relationship to debtor **President** | | | |

### 31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

☑ No
☐ Yes. Identify below.

Name of the parent corporation                                    Employer Identification number of the parent corporation

### 32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

☑ No
☐ Yes. Identify below.

Name of the parent corporation                                    Employer Identification number of the parent corporation

---

**Part 14:**   Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **December 23, 2015**

**/s/ Raymond Gilmore**                              **Raymond Gilmore**
Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor    **President**

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
☑ No
☐ Yes

**United States Bankruptcy Court**
**Southern District of New York**

IN RE:                                             Case No. _____

Whitney Restaurant Management Ltd.                 Chapter **11**
                          Debtor(s)

## VERIFICATION OF CREDITOR MATRIX

The above named debtor(s) hereby verify(ies) that the attached matrix listing creditors is true to the best of my(our) knowledge.


Date: **December 23, 2015**         Signature: */s/ Raymond Gilmore*
                                               **Raymond Gilmore, President**
                                                                          Debtor


Date: _____         Signature: _____
                                                              Joint Debtor, if any

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

Estate of Brad Cohen
35 Fairview Road
Farmingdale, NY 10003

Phil DeSantis
303 West Weed Street
New Canaan, CT 06840

David Dixon
1725 York Avenue
New York, NY 10028

Jay Farrar
PO Box 547939
Orlando, FL 32854-7939

Raymond Gilmore
65 Deacon Abbott Rd
Redding, CT 06896-2012

Linda Grunert
179 Harbor Lane
Massapequa Park, NY 11762

H. B. Day Company
33 Cambridge St
Rockville Centre, NY 11570-1902

IceSurance
500 Fenimore Rd
Mamaroneck, NY 10543-2313

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Estate of John Henry Kurtz
250 E. 87th Street
New York, NY 10003

Major Wholesale Florist
41 W 28th St
New York, NY 10001-4238

New York State Department of Taxation
Bankruptcy/Special Procedure
PO Box 5300
Albany, NY 12205-0300

NY City Department of Finance
Bankruptcy Unit
345 Adams St Fl 3
Brooklyn, NY 11201-3719

Office of Corporation Counsel
100 Church St
New York, NY 10007-2601

Paul's Meat Company
927 Park Ln
Valley Stream, NY 11581-2739

Pisacane Midtown Corp.
PO Box 276
Valley Stream, NY 11582-0276

Doreen Plumitallo
67 Sandpiper Drive
Manalapan, NJ 07726

Ridge Produce
PO Box 740454
Bronx, NY 10474-0008

Evan Sheinberg
101 W. 79th Street
New York, NY 10024

Sign World, Inc.
1194 Utica Ave
Brooklyn, NY 11203-5910

SLG 220 News Owner Ltd.
c/o SL Green Management LLC
420 Lexington Ave
New York, NY 10170-0002

The Bag Lady
PO Box 5008
South Hackensack, NJ 07606-4208

White Plains Linen
4 John Walsh Blvd
Peekskill, NY 10566-5323